■ CHARLES W. RYAN, JR., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59804.) — Appeal from an order of the Court of Claims, entered September 28, 1979, which denied defendant's motion to quash a subpoena duces tecum. Our decision in *Ryan v State of New York* (81 AD2d 947) renders the within appeal academic. Appeal dismissed, without costs. Mahoney, P.J., Main, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PAUL NORTH, Appellant. — Appeal from a judgment of the County Court of Ulster County, rendered November 9, 1979, upon a verdict convicting defendant of the crime of burglary in the first degree. The only issue raised on this appeal is whether the defendant's inculpatory statement made during arraignment was correctly held to be admissible after the suppression hearing. We find the statement was properly found to be admissible. After defendant's arrest, made within hours of the commission of the crime, he was taken to a State Police station where he was advised of his *Miranda* rights. He indicated that he did not desire to say anything and was not questioned. Thereafter, he was arraigned promptly at the station by a Town Justice. During the arraignment and after the complaint had been read to him he was heard by a State Police investigator sitting at his desk nearby to say, "I should not have entered the old man's house; he didn't appreciate it." The investigator immediately made a memorandum of the inculpatory utterance. Defendant had not been asked any question at the time he made the spontaneous remark. He had not indicated that he wanted to talk to a lawyer nor had the court assigned him counsel up to that point. There is no indication in the record that the remark was triggered by any police conduct which should have reasonably been anticipated to evoke a declaration from the defendant. The judgment should be affirmed *(People v Lucas*, 53 NY2d 678). Judgment affirmed. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.