■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSINA PAUL, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County (Kessler, J.), rendered November 23, 1982, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the hearing court erred in failing to suppress inculpatory statements made at her arraignment after she had previously requested an attorney upon being given her *Miranda* rights. The Town Justice had not been

advised of this request. During the reading of the complaint by the Town Justice, which made reference to an intent to kill, defendant blurted out in Creole to the interpreter that "I did not intend to kill anyone, I just wanted to hurt him". Defendant was not responding to a question and it cannot be said that her statements were "triggered by any police conduct which should have reasonably been anticipated to evoke a declaration from the defendant" (People v North, 81 AD2d 944; People v Lynes, 49 NY2d 286, 295).

The facts that defendant was 17 years of age at the time she committed the crime of which she was convicted, spoke little English and might have had limited intellectual abilities do not constitute circumstances so unusual as to warrant suppression of her spontaneous admission at the arraignment (see, People v Maerling, 46 NY2d 289, 302-303).

Finally, in light of the overwhelming evidence of defendant's guilt, we reject defendant's contention that a single ambiguous reference to her failure to take the stand made in the prosecutor's summation constituted reversible error. Any error was harmless since there was no reasonable possibility that the comment might have contributed to her conviction (see, People v Crimmins, 36 NY2d 230, 237). Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.