■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED M. PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 22, 1989, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During summation, defense counsel commented on the prosecutor's failure to produce a videotape in which the defendant denied any involvement in the crime. The prosecutor, during summation, suggested that the defendant had the burden of producing the videotape. The defendant contends that he was deprived of a fair trial because of the prosecutor's comment. We find no reversible error.

While the prosecutor's comment was improper *(see, People v Sandy,* 115 AD2d 27), the single, isolated comment during summation did not deprive the defendant of a fair trial since the evidence of the defendant's guilt was overwhelming and there was no reasonable possibility that the jury would have acquitted the defendant had the comment not been made *(see, People v Crimmins,* 36 NY2d 230, 241; *People v DeRosa,* 137 AD2d 612; *People v Paul,* 116 AD2d 746). We note that the trial court specifically charged the jury on the People's burden to produce evidence and, further, instructed the jury that the prosecutor's statement was to be disregarded.

We also find that the trial court's sentence of the defendant to a term of six to eighteen years for the crime of robbery in the first degree was not an improvident exercise of its discretion *(see, People v Suitte,* 90 AD2d 80, 85). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.