■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMPSON PLEDGER, Appellant. [626 NYS2d 846] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 21, 1993, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, uncharged crimes were not introduced into evidence in violation of *People v Molineux* (168 NY 264). Instead, the People asked a police officer to explain why he drove the complainant in a certain direction after the complainant had been robbed, in order to elicit background information concerning events prior to the defendant's arrest to complete the narration and avoid jury speculation *(see, People v Byrd,* 187 AD2d 724; *People v Burrus,* 182 AD2d 634).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Jones,* 55 NY2d 771, 773; *People v Lozada,* 181 AD2d 430; *People v Brown,* 167 AD2d 346, 347) or refer to errors which are harmless in light of the overwhelming evidence of the defendant's guilt and the court's charge *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v DeFigueroa,* 182 AD2d 772, 773; *People v Perry,* 172 AD2d 858; *People v Valerio,* 167 AD2d 439, 440; *People v Jackson,* 127 AD2d 696, 697).

The defendant's sentence is neither harsh nor excessive

*(People v Suitte,* 90 AD2d 80). Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.