■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HAMILTON, Also Known as CHARLES YATES, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered January 5, 1983, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress statements.

Judgment affirmed.

We note at the outset the overwhelming evidence of guilt of the crimes upon which the defendant was convicted, to wit, felony murder and attempted robbery in the first degree. The testimony of an accomplice provided the details of the robbery attempt by the defendant and his codefendants Joseph and Buford Byrd, during which the defendant, armed with a gun, shot and killed one Abraham Squires. This testimony was amply corroborated by (1) the testimony of an eyewitness, (2) evidence found on the defendant at the time of his arrest, and (3) statements made about the crime by the defendant shortly after the incident and at the arraignment.

Our rejection in *People v Byrd* (106 AD2d 511) of codefendant Joseph Byrd's challenge to the trial court's failure to submit to the jury the question of whether the eyewitness was an accomplice is equally applicable to the instant appeal.

We further find that the court properly determined that the defendant's inculpatory statement, made as he was leaving the courtroom after his arraignment, was spontaneous and therefore not subject to suppression. A review of the record clearly discloses that the Assistant District Attorney's re-

sponse to the inquiry by the court, as to the crimes the defendant was being charged with, was not intended to evoke the defendant's later incriminatory statement to the effect that "he did it, but he didn't intend or didn't mean to kill the person" (see, People v Rivers, 56 NY2d 476, rearg denied 57 NY2d 775; People v Lynes, 49 NY2d 286; People v Maerling, 46 NY2d 289; People v Paul, 116 AD2d 746; People v Sawyer, 107 AD2d 1045).

The defendant raises numerous other arguments for reversal. We have considered those challenges preserved for review as a matter of law and conclude that they do not warrant reversal of his conviction. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.