■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN AMARILLO, Also Known as JOAQUIN MARILLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 28, 1986, convicting him of robbery in the third degree and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review an order of the same court which, after a hearing, denied those branches of the defendant's motion which were to suppress identification evidence and items seized from the defendant by the police.

Ordered that the judgment is affirmed.

The suppression court properly denied those branches of the defendant's omnibus motion which were to suppress a showup identification of him and property recovered from the search of the defendant made after the arrest. The determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight *(People v Prochilo,* 41 NY2d 759). The fact that the defendant was handcuffed when the complainant identified him at a showup prior to the arrest did not so taint the identification as to require suppression *(People v Lewis,* 123 AD2d 716, *lv denied* 69 NY2d 830). The arresting officer had probable cause to arrest based on the facts that the defendant matched the description given on the police radio run, that the officer arrived at the scene within minutes of the report, that due to the lateness of the hour the residential street was deserted except for the defendant, and that the defendant refused to stop at the officer's request. The defendant's refusal to stop was suspicious, evidencing a state of mind of one who has just committed a crime. Based on the foregoing facts and circumstances known to the officer, he had probable cause to arrest and search the defendant incidental to the legal arrest *(see, People v Dennis,* 125 AD2d 325).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are

satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although in the instant case certain inconsistencies appear in the testimony of the witnesses, "deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" *(People v Bleakley,* 69 NY2d 490, 495).

The sentence imposed, which was the minimum permitted, was not harsh or excessive. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.