■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY DUDLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 7, 1985, convicting him of robbery in the first degree and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges against the defendant arose from a December 23, 1984 incident, during which the defendant and two companions, while armed with knives and a gun, allegedly robbed two complainants.

The defendant, who was 19 years old at the time of the incident, had been twice previously adjudicated a youthful offender. The first offense involved an October 10, 1983 charge of robbery in the second degree to which the defendant pleaded guilty to petit larceny. The second offense involved a March 26, 1984 charge of robbery in the first degree, to which the defendant pleaded guilty to robbery in the second degree.

Prior to trial in September 1985, the defendant moved, pursuant to *People v Sandoval* (34 NY2d 371), to preclude cross-examination of himself concerning the outcome of his two prior offenses and the underlying facts of each charge. In support of his motion, the defendant claimed that it would be "necessary and proper" for him to testify, that one of the prior offenses occurred about two years before the trial, and that both prior offenses were of a similar nature to the pending charges. The People requested permission to question the defendant concerning the specific underlying facts of each offense on the ground that the defendant's larcenous acts were

of recent origin and were very relevant to the issue of his credibility.

The trial court noted that the Assistant District Attorney would not be allowed to ask the defendant about the youthful offender adjudications "as such". The court further stated that it would be prejudicial to the defendant to cross-examine him about the specific underlying facts relating to the two prior robbery charges. However, the court reasoned that it would be "grossly" misleading to the jury to permit the defendant to testify without any cross-examination at all on his background. Therefore, in light of the relative recent nature of the offenses and the fact that the offenses directly related to the issue of the defendant's veracity as a witness, the trial court concluded that the prosecutor could ask one question as to each incident, to wit, "whether on October 10, 1983, [the defendant] did something [which,] if he had been an adult, would have [constituted] petit larceny", and "whether on March 26, 1984, [the defendant] did something which if he had been an adult would have [constituted] a felony". The defendant made no objection to this *Sandoval* ruling, which the trial court had "designed to balance the interest of both parties".

On appeal, the defendant challenges the trial court's *Sandoval* ruling, arguing, for the first time, that the use of the language "if he had been an adult" undoubtedly would have conveyed to the jury that the defendant had been adjudicated either a youthful offender or juvenile delinquent. Otherwise, it is contended, there would be no need to mention "if he had been an adult" because one's age is relevant only as it affects one's status if convicted and has nothing to do with the nature of the misconduct.

Initially, as noted by the People, by failing to specifically object to the two questions propounded by the trial court, any challenge to the language used in the two questions was not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Vidal,* 26 NY2d 249, 254). In any event, we find that the *Sandoval* compromise devised by the trial court was appropriate under the circumstances. Contrary to the defendant's contention, affirmative answers to the questions would not have necessarily revealed the ultimate disposition of any criminal proceedings, and thus there would have been no contravention of the rule that the People may not use a youthful offender adjudication to impeach the defendant *(see also, People v Planthaber,* 131 AD2d 927, *lv denied* 70 NY2d 803). Finally, we conclude that even if the *Sandoval* ruling

was erroneous, any error with respect thereto was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-243).

In addition, we find that the sentence imposed does not warrant appellate modification *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.