■ The People of the State of New York, Respondent, v Andre A., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 16, 1984, adjudicating him a youthful offender, upon a jury verdict finding him guilty of criminal possession of a weapon in the third degree, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had probable cause to arrest him. After responding to the scene where a man was reported to have a gun, a police officer asked a security guard if he knew anything about the incident. The guard instructed the officer to follow him and shortly thereafter, he pointed to the defendant and his two companions stating, "That's them". When the police officer told the defendant and his friends that he wished to speak with them, they fled. While they had a constitutional right to run away from the officer *(see, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023), such flight indicates a guilty state of mind *(see, People v Amarillo,* 141 AD2d 551). Once the defendant was apprehended, he was identified by the complainant as the individual who possessed the firearm thereby providing the police with probable cause to effectuate his arrest *(see, People v Gonzalez,* 138 AD2d 623).

Similarly unavailing is the defendant's contention that the court erred by denying suppression of a showup identification of him. It was appropriate for the police to conduct a showup of the defendant as he was apprehended in close temporal and spacial proximity to the crime scene and could be viewed by the witness immediately so as not to unduly prolong his detention *(see, People v Riley,* 70 NY2d 523). Neither the fact that the defendant was in the backseat of a police car with two uniformed officers nor the fact that he was in handcuffs when the complainant identified him so tainted the identification as to warrant its suppression *(see, People v Amarillo,* 141 AD2d 551, *supra; People v Veal,* 106 AD2d 418).

Furthermore, we reject the defendant's contention that it was error to allow a police officer to testify that the complainant identified the defendant at the showup, where the com-

plainant was unable to make an in-court identification of the defendant but testified that he did identify the gunman at the showup (see, CPL 60.25). Such testimony does not constitute impermissible bolstering (see, People v Lagana, 36 NY2d 71, 74).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.