■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS LANCIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered February 26, 1981, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the evidence at trial was insufficient to establish that the complainant suffered "physical injury" so as to support a conviction of burglary in the first degree (see, Penal Law § 140.30 [2]). Penal Law § 10.00 (9) defines physical injury as "impairment of physical condition or substantial pain". The injuries described by the complainant, including bruises on his hands lasting for over a month, lasting pain in the jaw causing difficulty with eating, and other assorted cuts and bruises, were sufficient to meet the statutory threshold (see, People v Greene, 70 NY2d 860; People v Slaughter, 138 AD2d 835; People v Talibon, 138 AD2d 426; People v Upshaw, 138 AD2d 761; People v Miles, 136 AD2d 958). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We also find that the defendant has failed to demonstrate a deprivation of his right to the effective assistance of trial counsel. Counsel's representation of the defendant was within the broad range of reasonably competent assistance and there is no reasonable probability that the outcome of the trial was affected by the alleged shortcomings of counsel (see, People v Baldi, 54 NY2d 137; People v Diaz, 131 AD2d 775).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.