■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CREWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered April 19, 1988, convicting him of assault in the second degree, robbery in the third degree, burglary in the third degree (two counts), criminal possession of a weapon in the third degree, assault in the third degree, escape in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the evidence adduced was legally insufficient to establish that he was guilty of assault in the second degree. The police officer whom the defendant attacked suffered physical injury within the meaning of Penal Law § 10.00 (9) and § 120.05 (3), i.e., impairment of physical condition or substantial pain. The police officer testified that he had to miss four to five days of work as a result of defendant's struggle with him. In addition, the officer sought medical treatment and stated that he was in a great deal of pain. Thus, the record supports the jury's finding that the police officer suffered the requisite physical injury *(see, People v Greene,* 70 NY2d 860; *People v Lundquist,* 151 AD2d 505).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt on the remaining counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty was not against the weight of the evidence (CPL 470.15 [5]).

Lastly, the defendant's claim that his sentence was excessive is without merit *(see,* Penal Law § 70.08 [3]; *People v Suitte,* 90 AD2d 80, 85). Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.