■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS MCADOO and SAMUEL MORRIS, Appellants.—Appeals by the defendants from two judgments of the Supreme Court, Kings County (Moskowitz, J.), rendered July 15, 1987, as to Cornelius McAdoo and July 16, 1987, as to Samuel Morris, convicting them each of murder in the second degree and burglary in the first degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants' convictions stem from an incident on June 5, 1986, in which they attacked and beat 77-year-old Samuel Goldberg in a parking garage in Brooklyn and locked him in the trunk of his car. The defendants then went to Goldberg's apartment and forced their way in. Once there, they attacked Mrs. Goldberg, ransacked the apartment, and removed certain valuables. As a result of this incident, Samuel Goldberg suffered a heart attack and died.

The defendant Samuel Morris urges that reversal is warranted in light of the fact that a statement which he made while in custody was admitted into evidence absent a valid waiver of his *Miranda* rights *(see, Miranda v Arizona, 384 US 436)*. We disagree. It is well established that statements made in the absence of counsel, while in custody and in response to official interrogation are inadmissible absent a valid waiver or a finding of spontaneity *(see, People v Rivers, 56 NY2d 476; People v Lanahan, 55 NY2d 711)*. This rule, however, does not require the police to take affirmative steps to prevent a person in custody from making an incriminating statement *(see, People v Rivers, supra)*. Volunteered statements are admissible provided the defendant spoke with genuine spontaneity and not the result of inducement, provocation, encouragement, or

acquiescence *(People v Rivers, supra; People v Maerling,* 46 NY2d 289, 302). In the matter at hand, the incriminating statement was uttered by the defendant Morris immediately after he was informed by a detective of the charges pending against him. It is apparent that the detective's comment was declarative in nature, and could not reasonably be construed as one likely to elicit an incriminating response *(see, People v Huffman,* 61 NY2d 795; *People v Bonacorsa,* 115 AD2d 546). Thus, we conclude that the record supports the hearing court's determination that the statement was spontaneously uttered, and discern no error in this regard *(see, People v Bero,* 139 AD2d 581; *People v Hamilton,* 117 AD2d 819).

In addition, both defendants argue that the prosecution failed to establish that the complainant Mrs. Goldberg suffered "physical injury" an element of burglary in the first degree *(see,* Penal Law §§ 140.30, 10.00 [9]). Preliminarily in this respect, we note that this claim is not properly preserved for appellate review inasmuch as neither defendant raised this issue before the trial court *(see, People v Bynum,* 70 NY2d 858; *People v Sutton,* 161 AD2d 612). In any event, the evidence established at trial does support a finding that Mrs. Goldberg suffered physical injury. She testified in this regard that she sustained a punch in her face which remained swollen in excess of a week. In addition, the police officer who arrived at the scene stated that he noticed a sneaker imprint on Mrs. Goldberg's face. Moreover, Mrs. Goldberg was forced into a closet and rendered unconscious. There was also testimony indicating that she still suffers from vision problems as a result of this incident. In light of the foregoing, we find the defendants' arguments in this respect to be unavailing *(see, People v Bogan,* 70 NY2d 860; *People v Lancia,* 150 AD2d 799; *People v Singleton,* 140 AD2d 388).

Contrary to the defendant McAdoo's contention, a reduction of the imposed sentence is not warranted *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendants' remaining contentions including those raised in their supplemental *pro se* briefs, and find them to be either unpreserved for appellate review or without merit *(see, People v Ingram,* 67 NY2d 897; *People v Wroblewski,* 109 AD2d 39, *affd* 67 NY2d 933, *cert denied* 479 US 845). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.