■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BAILEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Doolittle, J.), rendered June 27, 1986, convicting him of burglary in the second degree, assault in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Based on the evidence adduced of the *Wade* hearing, we conclude that the police-arranged showup identification procedure was proper. The defendant was apprehended in close temporal and spatial proximity to the crime scene. Thus, the showup allowed his prompt identification by the witnesses without a prolonged detention *(see, People v Riley,* 70 NY2d 523, 529; *People v Andre A.,* 146 AD2d 704; *People v Domond,* 123 AD2d 880, 881). Contrary to the defendant's contention, we agree with the hearing court's determination that the showup was not unnecessarily suggestive *(see, People v Andre A., supra; People v McLamb,* 140 AD2d 717, 718; *see also, People v Cooper,* 152 AD2d 939).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the arresting police officer suffered physical injury *(see,* Penal Law § 10.00 [9]), a neces-

sary element of assault in the second degree (see, Penal Law § 120.05 [3]). The defendant initially hit the arresting officer across his left cheek and nose with sufficient force to daze the six foot, 210 pound officer and to knock him down. When the officer was down, the defendant stomped on the left side of his face with the heel of his sneaker. A fellow officer who assisted in apprehending the defendant described the left side of the victim's face as a "big black and blue scuff mark" and noted that the victim's nose was bloody. The victim received medical treatment at a local hospital for cuts, contusions and bruises suffered in the defendant's attack; X-rays were taken and Tylenol was prescribed for his pain. The victim testified that his injuries were "quite painful", he suffered headaches for three days, and had difficulty sleeping on the left side of his face for a couple of weeks. Additionally, lacerations inside his left nostril impaired his ability to breathe through his nose, entirely at first and to a lesser extent for two weeks. Thus, the victim suffered the requisite physical injury (see, People v Lundquist, 151 AD2d 505; People v Fasano, 112 AD2d 791; People v Ruttenbur, 112 AD2d 13; People v Chesebro, 94 AD2d 897).

We have considered the defendant's remaining contentions, including those raised in the defendant's supplemental pro se brief, and find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.