■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON WILLIAMS, Appellant. [610 NYS2d 613] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered December 18, 1991, convicting him of assault in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that the complainant had suffered "physical injury" within the meaning of Penal Law § 10.00 (9). However, viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the jury's finding of physical injury within the meaning of Penal Law § 10.00 (9). The complainant testified that she was hit and choked and "saw stars". She had a red mark and swelling next to her left eye which lasted approximately one week. The complainant also testified that her face was "very sore" for a week after the incident. The police officer who responded to the incident testified that the complainant looked like she had been in a fight and that she had bruises on her face. The doctor who had examined the complainant on the date of the incident testified that the complainant had a swollen and black and blue left temple that was tender to the touch. The hospital record was admitted into evidence. Photographs of the complainant taken on the date of the incident were admitted into evidence and showed these injuries. This evidence was sufficient to establish "physical injury" as defined by Penal Law § 10.00 (9) (see, People v Messier, 191 AD2d 819; Matter of Andre D., 182 AD2d 1108; People v Bailey, 178 AD2d 846; People v Nix, 156 AD2d 722; People v Murray, 156 AD2d 722; People v Grimsley, 156 AD2d 714).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.