■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CALLAGHAN, Appellant. [633 NYS2d 46] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered October 17, 1994, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's challenges for cause of two prospective jurors. "The determination as to whether a prospective juror can provide reasonable jury service in a given case is left largely to the discretion of the trial court, which can question and observe the prospective juror during voir dire" (*People v Toval*, 216 AD2d 501, quoting *People v Pagan*, 191 AD2d 651, 651-652). We decline to disturb the trial court's determinations in this case. The challenged prospective jurors indicated that they would be fair and impartial, and there is no evidence in the record that they had "state[s] of mind that [were] likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at trial" (CPL 270.20 [1] [b]).

We find no merit to the defendant's contention that the victim did not suffer a physical injury within the meaning of Penal Law § 10.00 (9) and § 120.00 (*see, e.g., People v Williams*, 203 AD2d 608; *People v Moise*, 199 AD2d 423; *People v Bailey*, 176 AD2d 809; *People v Crews*, 159 AD2d 630; *People v Rogers*, 138 AD2d 419). The victim and his treating physician testified that the victim's injuries included a swollen and bruised upper eyelid and cuts to the mouth. Additionally, the victim testified that he suffered from lower back pain and headaches and that

he was absent from work for one week as a result of the assault.

The defendant's remaining contentions are either unpreserved for appellate review (*see*, CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.