◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BELK, Appellant. [661 NYS2d 239] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Flaherty, J.), both rendered May 2, 1995, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, under Indictment No. 5457/94, upon a jury verdict, and assault in the third degree under Indictment No. 1596/94, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 5457/94 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion that was to suppress physical evidence.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Here, based on the police officer's testimony that he experienced "major" pain when kicked in the chest, had black and blue marks as a result, and required medical treatment, which

included the application of ice packs to his wrist injuries and pain relievers, the jury could have reasonably inferred that the officer suffered substantial pain and impairment of his physical condition as a result of the injuries inflicted on him by the defendant *(see, People v Rojas,* 61 NY2d 726; *People v Camacho,* 191 AD2d 451; *People v Soto,* 184 AD2d 673, 674).

Based on the pretrial hearing testimony of the arresting officer, the court properly found there was probable cause for the defendant's arrest *(see, People v McRay,* 51 NY2d 594, 602). Accordingly, the hearing court properly denied suppression of the knife that the defendant dropped when ordered to do so by the police.

The defendant's contention that his right to counsel was abridged when the trial court refused to substitute assigned counsel immediately prior to jury selection is unavailing. While an indigent defendant has a right to a court-appointed lawyer, he does not have the right to his choice of assigned counsel *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178; *People v Jones,* 213 AD2d 426). Since the defendant failed to demonstrate good cause for substitution, he was not entitled to new assigned counsel *(see, People v Sawyer, supra; People v Medina,* 44 NY2d 199).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 83).

The defendant's remaining contentions are without merit. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.