■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER TOWNLEY, Appellant. [667 NYS2d 261] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered June 26, 1995, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court's *Sandoval* ruling was based upon a compromise that the defendant's attorney had suggested at the hearing. Accordingly, the objections which he now seeks to raise on appeal are not preserved for appellate review (*see, People v Dudley,* 143 AD2d 764). In any event, the ruling struck a fair balance between the prosecution's interest in exploring the defendant's veracity, and the potential prejudice that could result from informing the jury of his prior convictions (*see, People v Davis,* 44 NY2d 269, 274).

The trial court, should, however, have granted the defendant's request for a missing-witness charge in connection with the complainant's neighbor, who testified before the Grand Jury that she saw the defendant cutting a screen to gain entry to the house. The defendant, having established that this witness had exclusive personal knowledge about a material issue in the case, and that she would naturally be expected to give testimony favorable to the prosecution, was entitled to the charge upon the prosecution's failure to adequately demonstrate that she was unavailable to testify, or that the charge was otherwise inappropriate (*see, People v Gonzalez,* 68 NY2d 424). Furthermore, contrary to the People's argument, the defendant was not required to show how the testimony of the witness would have helped his case (*see, People v Kitching,* 78 NY2d 532, 537 [defendant cannot be expected to specify what witness would have testified to—the witness not having been called, "this necessarily remains a matter of speculation"]).

Nevertheless, we find that the uncontroverted evidence that the defendant was found in the attic of the complainant's house, six feet from a box of her jewelry which had been taken from her bedroom, overwhelmingly established the defendant's guilt, and that the error was therefore harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.