■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL POLK, Appellant. [728 NYS2d 171] —Appeal by the defendant from a judgment of the Supreme Court, Orange County (Pano Z. Patsalos, J.), rendered April 8, 1999, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's claim that his conviction is not supported by legally sufficient evidence is not preserved for appellate review because it was not advanced with specificity on his motion for a trial order of dismissal (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Lambert,* 272 AD2d 413). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the court erred in its *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371) is unpreserved for appellate review since the defendant failed to object to the ruling which merely allowed the prosecutor to ask, had

the defendant chosen to testify, if he had ever been convicted of either a felony or misdemeanor on a stated date (*see, People v Townley,* 245 AD2d 322; *People v Dudley,* 143 AD2d 764, 765). In any event, the Supreme Court providently exercised its discretion in so ruling (*see, People v Gray,* 84 NY2d 709, 712-713; *People v Pavao,* 59 NY2d 282, 292; *People v Sandoval, supra*).

The defendant's contention that his pretrial motion for a *Wade* hearing (*see, United States v Wade,* 388 US 218) was summarily denied is without merit. The identification of the defendant by an undercover officer through a single photograph approximately 15 minutes after the second drug transaction at issue took place was confirmatory in nature, thus obviating the need for a *Wade* hearing in the first instance (*see, People v Rodriguez,* 79 NY2d 445; *People v Wharton,* 74 NY2d 921; *People v Waring,* 183 AD2d 271). The defendant's attempt to use trial testimony to challenge the pretrial suppression ruling is impermissible (*see, People v Feinsod,* 278 AD2d 335; *People v Andujar,* 267 AD2d 467; *People v Kendrick,* 256 AD2d 420), especially where the defendant, during the trial testimony of the undercover officer, indicated that no *Wade* hearing was necessary, despite the fact that the Supreme Court had agreed to provide such a hearing at that time (*see, People v Graves,* 85 NY2d 1024; *People v Bryan,* 231 AD2d 957).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.