■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANCHEZ, Appellant. [732 NYS2d 173] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered April 9, 1998, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to a trial before 12 jurors because one of the jurors was "grossly un-

qualified" by reason of the juror's purported inability to understand and communicate in English is without merit. The Trial Justice, whose determination in this area is accorded great deference, providently exercised his discretion in finding that the subject juror was qualified under Judiciary Law § 510 (4) after conducting a hearing (*see, People v Callaghan,* 220 AD2d 609).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.