■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT THOMAS, Appellant. [737 NYS2d 559] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 24, 2000 (*People v Thomas,* 268 AD2d 540), affirming a judgment of the County Court, Westchester County, rendered May 29, 1998.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK THOMAS, Respondent. [738 NYS2d 357] —Appeal by the People from an order of the Supreme Court, Queens County (Gavrin, J.), dated November 24, 1999, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was to suppress physical evidence is denied, and the matter is remitted to the

Supreme Court, Queens County, for further proceedings on the indictment.

On December 11, 1998, police officers conducted a controlled delivery of a Federal Express package containing five pounds of marihuana. The defendant answered the door at the residence where the package was addressed, stated that he was expecting the package, and accepted and signed for it under his own name. Moments later, the defendant left the residence carrying a brown paper shopping bag. The undercover police officer who had delivered the package radioed the other police officers in the area and advised them of the defendant's departure. When the police moved in and approached the defendant, he ran and tossed the shopping bag away as he was tackled by the arresting officer.

It is the People's burden to demonstrate the legality of police conduct in the first instance (*see, People v Berrios,* 28 NY2d 361, 367; *People v Malinsky,* 15 NY2d 86, 91 n 2; *People v Wise,* 46 NY2d 321, 329). The defendant, however, bears the ultimate burden of proving, by a preponderance of the credible evidence, that the evidence should not be used against him (*see, People v Berrios, supra* at 367; *People v Baldwin,* 25 NY2d 66, 70; *People v Whitehurst,* 25 NY2d 389, 391; *Nardone v United States,* 308 US 338, 341-342), and that the police lacked probable cause to arrest him (*see, People v Milhouse,* 246 AD2d 119).

The Supreme Court erred in determining that the People did not establish probable cause for the defendant's arrest. The arresting officer knew that the defendant had just accepted delivery of a package containing marihuana, that he told the delivery person that he was expecting the package, and that he immediately departed from the residence after the delivery, carrying a shopping bag large enough to contain the package. The defendant ran when approached by the arresting officer and his team, who were wearing clothing that identified them as police officers. Considering all these factors, we find that the police had probable cause to arrest the defendant (*see, People v Acuna,* 145 AD2d 427, 429; *People v Amarillo,* 141 AD2d 551, 552; *People v Alexander,* 218 AD2d 284). The sequence of events belied any reasonable possibility that the defendant's conduct was equivocal, or equally as innocent as it was suspicious.

Accordingly, the People satisfied their burden in the first instance to prove the legality of the police conduct. By contrast, the defendant failed to establish his ultimate burden by a fair preponderance of the credible evidence that there was no probable cause for his arrest.

The seizure of the shopping bag, contemporaneous with the

defendant's arrest, did not violate the defendant's constitutional rights. When viewed in the context of reasonableness, the cornerstone in any Fourth Amendment inquiry (*see, Katz v United States,* 389 US 347), the seizure of the defendant's property, which was located within 10 feet of him, did not invade his expectation of privacy any more than the arrest itself (*see, People v De Santis,* 46 NY2d 82, 87). The defendant's arrest was valid, and the search of the shopping bag, which was "not significantly divorced in time or place from the arrest," was proper (*People v De Santis, supra* at 88; *see, People v Smith,* 59 NY2d 454, 458).

In view of the foregoing, we do not reach the People's remaining contentions. Santucci, J.P., Smith, Crane and Cozier, JJ., concur.