■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONIESEA DANDRADE, Appellant. [750 NYS2d 878] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 20, 2001, convicting her of assault in the second degree and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's claim that her conviction for assault in the second degree is not supported by evidence legally sufficient to establish her intent to cause serious physical injury is not preserved for appellate review, because she failed to raise this issue with specificity in her motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Polk,* 284 AD2d 416; *People v Wells,* 272 AD2d 562; *Matter of Marcel F.,* 233 AD2d 442).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's intent to cause serious physical injury beyond a reasonable doubt and to sustain the conviction for assault in the second degree (*see Matter of Patrick W.,* 166 AD2d 652; *see generally People v Bracey,* 41 NY2d 296; *People v Douglas,* 291 AD2d 455).

However, the defendant's conviction for assault in the third degree must be vacated because it is a lesser-included offense of assault in the second degree (*see* CPL 300.40 [3] [b]; *People v Lee,* 39 NY2d 388; *People v Grier,* 37 NY2d 847; *People v Jones,* 277 AD2d 329). Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.