■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BLOCKER, Appellant. [806 NYS2d 640]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 6, 2003, convicting him of aggravated criminal contempt and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9). Contrary to the People's contention, this issue is preserved for appellate review (see CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Baez,* 13 AD3d 463, 464 [2004]). However, viewing the evidence adduced at trial in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to support the jury's finding of physical injury. Specifically, the evidence established that the complainant's injuries included swelling around her left eye, a laceration on her right middle finger that required sutures, bruising on her right breast, swelling on her arms, and bleeding. Also, the evidence established that the complainant experienced severe and pervasive pain while in the ambulance, complained again of pain in the hospital, and was given prescription pain medication, including intravenous morphine. Such evidence was legally sufficient to establish that the complainant suffered "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; see *People v Greene,* 70 NY2d 860 [1987]; *People v Williams,* 203 AD2d 608 [1994]; *People v Crews,* 159 AD2d 630 [1990]; *People v Lancia,* 150 AD2d 799 [1989]; cf. *Matter of Philip A.,* 49 NY2d 198 [1980]).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.