■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON REID, Appellant. [814 NYS2d 267]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dickerson, J.), rendered September 30, 2004, convicting him of assault in the second degree (two counts), reckless endangerment in the first degree, criminal mischief in the second degree, criminal possession of stolen property in the fifth degree, reckless driving, leaving the scene of an incident without reporting (six counts), driving at an unsafe and imprudent speed, failing to stop at a red light (three counts), failing to stop at a stop sign (four counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove that a police officer sustained a "physical injury" within the meaning of Penal Law § 10.00 (9). However, viewing the evidence adduced at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the jury's finding of physical injury (*see People v Rojas*, 61 NY2d 726, 727 [1984]; *People v Belk*, 241 AD2d 552, 553 [1997]; *People v Callaghan*, 220 AD2d 609 [1995]; *People v Williams*, 203 AD2d 608 [1994]).

The defendant's contention that the court erred in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review because the defendant failed to object to the ruling which merely allowed the prosecutor to ask, if the defendant chose to testify, about the existence of prior felony convictions without eliciting the underlying facts (*see People v Polk*, 284 AD2d 416, 417 [2001]; *People v Townley*,

245 AD2d 322 [1997]). In any event, the Supreme Court providently exercised its discretion in so ruling (*see People v Springer*, 13 AD3d 657, 658 [2004]; *People v Carrasquillo*, 204 AD2d 735 [1994]).

The court properly declined to charge the jury on involuntary intoxication as there was no evidence that the defendant's ingestion of prescription medication with codeine was against his will, as required (*see* 1 CJI [NY] 9.45, at 515). In any event, no reasonable view of the evidence supported the involuntary intoxication defense (*see People v Caballero*, 160 AD2d 810 [1990]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.