■ In the Matter of Patricia A., a Person Alleged to be a Juvenile Delinquent, Appellant. [821 NYS2d 901]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated May 9, 2005, which, upon a fact-finding order of the same court dated March 31, 2005, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged her to be a juvenile delinquent, and, among other things, placed her on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated March 31, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Initially, the appellant's claims are not preserved for appellate review because she failed to raise these issues with specificity in her motion for dismissal for failure to prove a prima facie case (*cf.* CPL 470.05 [2]; *People v Dandrade*, 300 AD2d 502, 503 [2002]; *see Matter of Marcel F.*, 233 AD2d 442 [1996]). In any event, viewing the evidence in the light most favorable to the presentment agency, as we must (*see Matter of David H.*, 69

NY2d 792, 793 [1987]; *Matter of Nicholas A.*, 28 AD3d 477 [2006]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree (*see* Penal Law § 120.05 [2]). The evidence adduced at the fact-finding hearing was sufficient to establish not only that the complainant sustained "physical injury" (Penal Law § 10.00 [9]; *see Matter of Jason J.*, 187 AD2d 652, 652-654 [1992]; *cf. People v Henderson*, 92 NY2d 677, 680 [1999]; *People v Rambali*, 27 AD3d 582, 583 [2006]; *People v Luster*, 306 AD2d 293 [2003]; *People v Williams*, 203 AD2d 608 [1994]), but also, that the appellant caused the physical injury by means of a "dangerous instrument" by the manner in which she used her boots to stomp on the complainant's face (*see* Penal Law § 120.05 [2]; *cf. People v Carter*, 53 NY2d 113, 117 [1981]; *People v Hansen*, 267 AD2d 474 [1999] [boot used to kick complainant]; *People v Hansen*, 203 AD2d 588 [1994] [sneakers used to kick complainant]; *see Matter of Jason J., supra* at 653 [shoe, sneaker or boot used to kick complainant]). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Gaimari*, 176 NY 84, 94 [1903]). Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.