*718 Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered February 4, 2008, convicting him of gang assault in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Specifically, the eyewitness testimony credibly established that the defendant physically attacked the victim while aided by two or more other persons actually present, and that a dangerous instrument was used in the attack, a conclusion which was supported by expert testimony.
The defendant failed to preserve for appellate review his claim that the evidence that he attacked the victim, or acted in concert with others in the course of doing so, was legally insufficient on the ground that an eyewitness’s testimony in this regard was incredible as a matter of law (see People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, there is no merit to his contention that the evidence supporting his conviction of gang assault in the first degree was legally insufficient, since there was legally sufficient evidence that he was aided by two or more other persons actually present when he physically attacked the victim (see Penal Law § 120.07). Additionally, there is no merit to the defendant’s contention that the evidence supporting his conviction of assault in the first degree was legally insufficient, since there was legally sufficient evidence that he employed a dangerous instrument when he physically attacked the victim (see Penal Law § 120.10 [1]).
The defendant’s contention that the Supreme Court committed reversible error in denying his challenges for cause to certain prospective jurors is without merit. “The determination as to whether a prospective juror can provide reasonable jury service in a given case is left largely to the discretion of the trial court, which can question and observe the prospective juror during voir dire” (People v Davis, 221 AD2d 653, 654 [1995] [internal quotation marks omitted]; see People v Callaghan, 220 AD2d 609 [1995]). Viewing as a whole the voir dire testimony of each juror challenged by the defendant at trial and raised on appeal, *719 as we must (see People v Blyden, 55 NY2d 73, 78 [1982]; People v Goodwin, 64 AD3d 790, 792 [2009]), the Supreme Court did not err in denying the defendant’s challenges for cause as to juror No. 7 (see People v LaValle, 3 NY3d 88, 103 [2004]; People v Busreth, 35 AD3d 965, 966 [2006]), and juror Nos. 10, 12, and 13 (see CPL 270.20 [1] [b]). Accordingly, the defendant’s contention regarding the exhaustion of his peremptory challenges has been rendered academic (see CPL 270.20 [2]).
The defendant’s contention that the Supreme Court improvidently exercised its discretion in denying his application to exclude uniformed firefighters from the courtroom throughout the trial is without merit (see 22 NYCRR 700.2, 700.3; Mc-Eachron v Glans, 1999 WL 33597331 [ND NY 1999]; Woods v State, 490 So 2d 24, 26-27 [1986] [Fla], cert denied 479 US 954 [1986]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.