In the Matter of JASON P., a Person Alleged to be a Juvenile Delinquent, Appellant. [911 NYS2d 388]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated October 8, 2009, which, upon a fact-finding order of the same court dated August 10, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of gang assault in the second degree, assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order dated August 10, 2009.

Ordered that the order of disposition is modified, on the law and the facts, by deleting the provision thereof adjudicating the

appellant a juvenile delinquent based upon the finding that he committed an act, which if committed by an adult, would have constituted the crime of gang assault in the second degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant was adjudged to be a juvenile delinquent upon findings that he, at the age of 14, committed acts which, if committed by an adult, would have constituted the crimes of gang assault in the second degree, assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree. This was based upon an incident which occurred on February 7, 2009, wherein the appellant, and a group of other youths, allegedly assaulted the complainant, by kicking him and hitting him with their hands, a log, a two-by-four, and a bottle, causing the complainant to sustain a fractured patella. We modify.

The appellant contends that the Family Court improperly found that he committed acts, which if committed by an adult, would have constituted the crimes of menacing in the second degree, criminal possession of a weapon in the fourth degree, and assault in the second degree, since there was legally insufficient evidence that he displayed or possessed a dangerous instrument, or that the complainant's injury was caused by a dangerous instrument. However, that contention is not preserved for appellate review, as the appellant failed to raise those specific claims before the Family Court (*see Matter of Melissa N.*, 62 AD3d 884 [2009]; *cf.* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf People v Contes*, 60 NY2d 620, 621 [1983]), we find that there is legally sufficient evidence to support the Family Court's determination that the appellant committed acts, which if committed by an adult, would have constituted the crimes of menacing in the second degree, criminal possession of a weapon in the fourth degree, and assault in the second degree (*see* Penal Law § 10 [13]; § 120.05 [2]; § 120.14 [1]; § 265.01 [2]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495

[1987]). Upon reviewing the record here, we are satisfied that the findings of fact on those counts of the petition which alleged that the appellant committed acts, which if committed by an adult, would have constituted the crimes of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, were not contrary to the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). A dangerous instrument is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). The evidence presented at a fact-finding hearing was sufficient to support the Family Court's conclusion that the two-by-four used by the appellant to strike the complainant constituted a dangerous instrument within the meaning of Penal Law § 10.00 (13), as did the log and bottle used by other participants with whom the appellant was acting in concert (*see People v Vasquez*, 88 NY2d 561, 580 [1996]; *People v Carter*, 53 NY2d 113, 116-117 [1981]; *People v Johnson*, 63 AD3d 470 [2009]; *Matter of Shakiea B.*, 53 AD3d 1057, 1058 [2008]; *People v Medor*, 39 AD3d 362 [2007]; *Matter of Patricia A.*, 33 AD3d 699, 700 [2006]).

However, the presentment agency failed to present legally sufficient evidence that the complainant suffered serious physical injury so as to support the Family Court's finding that the appellant committed acts, which if committed by an adult, would have constituted the crime of gang assault in the second degree (*see* Penal Law § 10.00 [10]; § 120.06; *People v Flores*, 276 AD2d 710, 711 [2000]). The injury sustained by the complainant, a fractured patella, did not constitute a serious physical injury within the meaning of Penal Law § 10.00 (10) (*see People v White*, 283 AD2d 964 [2001]; *People v Phillip*, 279 AD2d 802, 803-804 [2001]; *People v Ham*, 67 AD3d 1038 [2009]; *People v Adames*, 52 AD3d 617 [2008]; *People v Gray*, 30 AD3d 771, 772-773 [2006]).

Since the evidence was legally sufficient to support the finding that the appellant committed acts, which if committed by an adult, would constitute the crimes of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, for which the period of probation that was imposed is appropriate, the matter need not be remitted to the Family Court, Kings County, for a new order of disposition (*see* Family Ct Act § 352.2; *Matter of Robert C.*, 67 AD3d 790, 792-793 [2009]). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.