■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CARSON, Appellant. [6 NYS3d 269]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 4, 2013, convicting him of assault in the third degree and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant was standing on a sidewalk in Queens arguing with her ex-boyfriend, the defendant, when he grabbed her cell phone and threw it to the ground. As the complainant bent down to pick up the cell phone, the defendant hit her in the head with a gun, causing her to fall to the ground, after which she was unable to move for several minutes. She experienced a sharp, throbbing pain in her head, dizziness, and loss of hearing. After speaking with the police, the complainant was transported to a hospital, where she underwent a CT scan and was prescribed prescription pain killers. A week later, she was still experiencing pain, dizziness, and a headache. The complainant's hospital records and photographs taken at the hospital were admitted into evidence.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the third degree beyond a reasonable doubt, including that he caused "physical injury" to the complainant (Penal Law §§ 10.00 [9]; 120.00 [1]; *see People v Monserrate*, 90 AD3d 785, 787-788 [2011]; *Matter of Ashley M.*, 35 AD3d 612 [2006]; *People v Gerecke*, 34 AD3d 1260, 1261 [2006]; *People v Reid*, 29 AD3d 712 [2006]; *People v Williams*, 203 AD2d 608 [1994]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to assault in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The audio recording of the 911 call that the complainant made after the attack was properly admitted as a present sense impression (*see People v Buie*, 86 NY2d 501, 506 [1995]; *People v Brown*, 80 NY2d 729, 732 [1993]).

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.