People v Barnes (2019 NY Slip Op 02888)





People v Barnes


2019 NY Slip Op 02888


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-04953
 (Ind. No. 2457/15)

[*1]The People of the State of New York, respondent,
v
Gregory Barnes, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of County Court, Suffolk County (Mark D. Cohen, J.), rendered March 17, 2017, convicting him assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Martin I. Efman, J.), of those branches of the defendant's omnibus motion which were to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the hearing court's order did not deny, but rather granted that branch of his omnibus motion which was suppress the statement that he made to the arresting police officers after he provided the police officers with his name. We agree with the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress a subsequent statement he made while he was being transported in a police car, since the statement was spontaneous and not the product of police interrogation or its functional equivalent (see People v Lynes, 49 NY2d 286; People v Hylton, 198 AD2d 301; People v Morris, 166 AD2d 674). We also agree with the hearing court's denial of that branch of his omnibus motion which was to suppress his statement made at the police station because it was voluntarily made after he knowingly, intelligently, and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436; People v Dayton, 66 AD3d 797; People v O'Malley, 282 AD2d 884).
The defendant failed to preserve for appellate review his contention that his conviction of assault in the second degree was not supported by legally sufficient evidence (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that conviction was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to establish that he was deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712-713; People v Baldi, 54 NY2d 137; People v Lancaster, 127 AD3d 1235).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court