People v Pierre-Louis (2019 NY Slip Op 04415)





People v Pierre-Louis


2019 NY Slip Op 04415


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02565
 (Ind. No. 2200-15)

[*1]The People of the State of New York, respondent,
v
Harrison Ford Pierre-Louis, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered December 12, 2016, convicting him of assault in the second degree and petit larceny, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Wares, 165 AD3d 1182, 1182). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of petit larceny (see Penal Law § 155.25) and assault in the second degree, including that the defendant unjustifiably caused one of the complainants to sustain a "physical injury" within the meaning of Penal Law § 10.00(9) (see Penal Law § 120.05[2]; People v Kenner, 77 AD3d 853, 853-854; People v Blocker, 23 AD3d 575, 575; People v Comer, 137 AD2d 545, 546, affd 73 NY2d 955).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d at 644).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court