■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BEMBRY, Appellant. [618 NYS2d 344] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered April 23, 1993, convicting the defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of 4½ to 9 years imprisonment, affirmed.

When the jury announced its guilty verdict the defendant banged his fists on the table and shouted: "How could you find me guilty—I'm not guilty," or words to that effect. Also, the defendant's mother and brother left their seats in the courtroom and began to shout and move toward the bench when the verdict was announced. In response to these outbursts the trial court directed the court officers to "get the jury out immediately." This is according to the trial court's recollection, at sentencing, of the incident. The transcribed record indicates that after thanking the jurors for their service, the trial court said "You're excused." At that point the jurors left the courtroom, and the courthouse.

After the jurors left, defense counsel brought to the court's attention that he had requested an individual polling of the jury before the jury was excused. The court and prosecuting attorney had not heard the request, but the court reporter confirmed that the request had been made. By that time, since the jurors had already left the courthouse, it was too late to grant the request. The trial court subsequently denied defendant's motion to set aside the verdict, reasoning that the defendant's outburst had prevented the trial court from hearing the polling request, and thus defendant had effectively waived his right to have the jury polled.

Defendant now seeks reversal on the ground that the jury was never collectively or individually polled, as required by CPL 310.80. The statute says: "After a verdict has been rendered, it must be recorded on the minutes and read to the jury, and the jurors must be collectively asked whether such is their verdict. * * * [T]he jury must, if either party makes such an application, be polled and each juror separately asked whether the verdict announced by the foreman is in all respects his verdict." The defendant argues, in effect, that although his outburst may have provided the occasion for the trial court's failure to poll the jury, it was not the cause, for the trial court had several options available to it, "to guarantee the preservation of order and the proper continuance of the proceedings," short of dismissing the jury *(People v Pa-*

*lermo,* 32 NY2d 222, 226), including merely excusing the jury until order was restored, and then complying with the mandate of CPL 310.80. The argument is not without weight, but the trial court's failure to poll the jury does not require reversal under the circumstances here presented, because the issue was not preserved.

A defendant cannot claim on appeal that the court should have polled the jury, unless he called the omission to the court's attention at a time when the omission could have been remedied *(People v Marilla,* 7 NY2d 319). No objection to the jury's being excused was registered by defense counsel here, and his request for an individual polling of the jurors was not heard by the trial court because of the commotion caused by the defendant. The defendant should not obtain an advantage traceable to the trial court's failure to hear, consider and respond to his attorney's request, when the court's failure to hear was caused by the defendant's outburst.

We have considered the defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Kupferman, Ross and Williams, JJ.

Wallach, J., dissents in a memorandum as follows: I respectfully dissent, and would reverse the judgment and remand for a new trial.

Defendant's brief outburst of astonishment following delivery of the adverse jury verdict, and the equally brief disruption by his family members, were in my view insufficient to deprive him of his statutory right (derived from the common law) to an individual poll of the jury members (CPL 310.80). The court had a manifest duty to hold the jury intact until this vital final phase of the trial was completed, a duty that was not dissolved by the conduct (or misconduct) of others *(see, People v Pickett,* 61 NY2d 773).