■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE L. GERECKE, Also Known as MCLAURIN, Appellant. [823 NYS2d 797]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered June 14, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second

degree, assault in the third degree, obstructing governmental administration in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of obstructing governmental administration in the second degree and dismissing count three of the indictment and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]), assault in the third degree (§ 120.00 [1]), obstructing governmental administration in the second degree (§ 195.05) and resisting arrest (§ 205.30). We reject the contention of defendant that the police officers illegally entered her home in order to arrest her son Brandon, who was the subject of an arrest warrant. It is well settled that, "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within" (*Payton v New York*, 445 US 573, 603 [1980]). Here, the record establishes that Brandon resided in defendant's house and that the arresting officer reasonably believed that Brandon had just entered the house.

We also reject defendant's contention that the evidence of physical injury is legally insufficient to support the conviction of assault in the second and third degrees. The injured police officer testified that, upon being struck in the head by defendant, he "[saw] stars" and was temporarily disoriented. He further testified that it was the hardest blow that he had ever sustained and that he was in great pain. Each assault conviction required the jury to find that defendant caused physical injury to the officer, and that term is defined in relevant part as "substantial pain" (Penal Law § 10.00 [9]). We conclude that the jury was entitled to credit the testimony of the officer and thus to find that he suffered substantial pain (*see People v Williams*, 203 AD2d 608 [1994], *lv denied* 83 NY2d 973 [1994]; *see also People v Goico*, 306 AD2d 828, 828-829 [2003]). The failure of the officer to seek medical treatment or to take off any time from work is not dispositive in determining whether he sustained a physical injury, inasmuch as "pain is subjective and different persons tolerate it differently" (*People v Guidice*, 83 NY2d 630, 636 [1994]).

Contrary to the further contention of defendant, County Court's jury charge "as a whole adequately conveyed to the jury

the appropriate standards" (*People v Adams*, 69 NY2d 805, 806 [1987]). Although defendant contends that the court erred in instructing the jury on the scope of the officer's lawful duty, we conclude under the circumstances of this case that the court in fact was required to do so (*see People v McDonald*, 291 AD2d 832 [2002], *lv dismissed* 97 NY2d 757 [2002]).

Defendant failed to object to the allegedly improper polling of the jury before the jury was discharged and thus failed to preserve for our review her contention that the court erred in denying that part of her CPL article 330 motion to set aside the verdict based on that alleged error (*see People v Mercado*, 91 NY2d 960 [1998]; *People v Bembry*, 209 AD2d 270 [1994], *affd* 85 NY2d 932 [1995]). The court properly rejected the remaining contentions of defendant in support of her motion because those contentions do not raise a "question of outside influence but, rather, [defendant] seeks to impeach the verdict by delving into the tenor of the jury's deliberative processes" (*People v Karen*, 17 AD3d 865, 867 [2005], *lv denied* 5 NY3d 764 [2005]; *see People v Young*, 197 AD2d 874, 875 [1993], *lv denied* 82 NY2d 854 [1993]; *People v Redd*, 164 AD2d 34, 37 [1990]; *cf. People v Brown*, 48 NY2d 388, 393-395 [1979]).

We agree with defendant, however, that the evidence is legally insufficient to support the conviction of obstructing governmental administration in the second degree as charged in the indictment and amplified by the bill of particulars. The indictment, as amplified by the bill of particulars, charged defendant with interfering with the arrest of her son Brandon by police officers. The arresting officer testified that he never saw Brandon, however, and the record establishes that he was arresting a different person when defendant allegedly interfered with the performance of his duties. The prosecutor made no request to amend the bill of particulars. Consequently, the evidence is legally insufficient to establish that defendant committed the crime of obstructing governmental administration as charged in the indictment and amplified by the bill of particulars (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we therefore modify the judgment accordingly.

We have considered the remaining contentions of defendant, including those raised in her pro se supplemental brief, and conclude that they are without merit. Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.