■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE PEARSON, Appellant. [889 NYS2d 179]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 9, 2008, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the third degree (two counts), and menacing in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

Defendant did not preserve his claim that the court failed to poll the jury after it rendered its verdict (*see People v Bembry*, 209 AD2d 270 [1994], *affd* 85 NY2d 932 [1995]), and we decline to review the claim in the interest of justice. The better practice would have been to address the spectator's outburst and then poll the jury. Nonetheless, defendant did not request that the jury be polled before it was discharged, during the process of discharging it, or at any other time (*see* CPL 310.80). The record fails to support defendant's assertion that the court discharged the jury in such haste that defendant had no opportunity to request polling. To the extent that defendant is arguing that once the court said the word "discharged," it would have lacked authority to retract that statement and poll the still-present and intact jury had defendant made a prompt request for polling, we reject that argument. Furthermore, the court did not "in re[s]ponse to a protest by a party, . . . expressly decide[ ]" (CPL 470.05 [2]) that defendant was not entitled to poll the jury (*see People v Colon*, 46 AD3d 260, 263 [2007]).

The trial court properly denied defendant's request to submit

third-degree robbery as a lesser included offense, since there was no reasonable view of the evidence that defendant used physical force other than the threatened use of a knife to retain the property he had shoplifted (*see People v James*, 11 NY3d 886 [2008]). The witnesses at trial consistently maintained that defendant used a knife. Although the surveillance videotape of the robbery did not present a clear view of the knife in defendant's hand, the videotape supported the security guards' testimony that they retreated when they saw the knife. There is no reasonable view that defendant was able to force the two guards to retreat merely by physical menace. In addition, a knife was recovered under circumstances indicating that defendant had discarded it. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.