THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. DRAKE, JR., Appellant. [890 NYS2d 854]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of assault in the second

degree (Penal Law § 120.05 [2]) and two counts of menacing in the second degree (§ 120.14 [1]). Contrary to the contention of defendant, County Court properly denied his motion to set aside the verdict pursuant to CPL 330.30 (2) based on juror misconduct. In support of that contention, defendant asserts that one of the jurors voted guilty based on the verbal aggression of other jurors. Defendant's contention, however, "do[es] not raise a 'question of outside influence but, rather, [defendant] seeks to impeach the verdict by delving into the tenor of the jury's deliberative processes' " (*People v Gerecke*, 34 AD3d 1260, 1262 [2006], *lv denied* 7 NY3d 925 [2006]). We reject the further contention of defendant that the court erred in denying his request for a circumstantial evidence charge inasmuch as the assault count was supported by direct evidence that defendant struck the victim with a dangerous instrument rather than with his fist (*see generally People v Daddona*, 81 NY2d 990, 992 [1993]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.