# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**662**

**KA 07-01369**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

CHRISTOPHER JONES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 27, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree (two counts), burglary in the second degree, sexual abuse in the first degree, unlawful imprisonment in the second degree and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Contrary to defendant's contention, County Court properly denied his post-trial motion pursuant to CPL 330.30 (2) seeking to set aside the verdict on the ground of juror misconduct without conducting a hearing (*cf. People v Rivera*, 304 AD2d 841). The moving papers did not contain the necessary "sworn allegations of all facts essential to support the motion" (CPL 330.40 [2] [e] [ii]). Indeed, defendant "do[es] not raise a question of outside influence but, rather, [he] seeks to impeach the verdict by delving into the tenor of the jury's deliberative processes" (*People v Drake*, 68 AD3d 1778, 1779, *lv denied* 14 NY3d 840 [internal quotation marks omitted]; *see People v Gerecke*, 34 AD3d 1260, 1262, *lv denied* 7 NY3d 925, 927).

The contention of defendant that the court erred in refusing to suppress his written statements to a detective is not preserved for our review inasmuch as that contention is based on a ground that was not raised before the suppression court (*see People v Brooks*, 26 AD3d 739, 740, *lv denied* 6 NY3d 846, 7 NY3d 810; *People v Zeito*, 302 AD2d 923, *lv denied* 99 NY2d 634). Further, defendant did not object to the trial testimony concerning those statements, and his post-trial motion pursuant to CPL 330.30 is insufficient to preserve his contention for

our review (*see generally People v Padro*, 75 NY2d 820, *rearg denied* 75 NY2d 1005, *rearg dismissed* 81 NY2d 989).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court