Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), sexual abuse in the first degree (§ 130.65 [1]), and two counts of sodomy in the first degree (former § 130.50 [1]). In appeal No. 2, defendant appeals from a resentence with respect to the conviction of burglary in the second degree.
With respect to appeal No. 1, we agree with defendant that reversal is required based on County Court’s error in closing the courtroom. We note at the outset that, although we agree with the People that a defendant is required to preserve that contention for our review (see People v Borukhova, 89 AD3d 194, 225 [2011], lv denied 18 NY3d 881 [2012], reconsideration denied 18 NY3d 955 [2012]; People v Varela, 22 AD3d 264, 264-265 [2005], lv denied 6 NY3d 781 [2006]), we disagree with the People that defendant failed to make the appropriate objection. *1126 Although defendant’s objection was made off the record, the parties and the court agreed during argument on defendant’s post-trial motion to set aside the verdict that defendant had indeed objected to the court’s procedure. It is well settled that a post-trial motion pursuant to CPL 330.30 cannot preserve a contention for review that is raised for the first time in the motion (see People v McFadden, 94 AD3d 1150, 1150 [2012]; People v Jones, 85 AD3d 1667, 1668 [2011]), but as noted that is not what occurred here inasmuch as defendant made an objection before jury selection. The objection merely was not placed on the record at that time. Here, the record establishes that “the trial judge was made aware, before he ruled on the issue, that the defense wanted him to rule otherwise, [and thus] preservation was adequate” (People v Caban, 14 NY3d 369, 373 [2010]).
We agree with defendant that the court erred in closing the courtroom to defendant’s wife at the start of jury selection on the ground that there “wasn’t any room” in the courtroom for her (see People v Martin, 16 NY3d 607, 611-612 [2011]). As the Court of Appeals held in Martin, “[a] violation of the right to an open trial is not subject to harmless error analysis and a per se rule of reversal irrespective of prejudice is the only realistic means to implement this important constitutional guarantee” (id. at 613 [internal quotation marks omitted]). We reject the contention of the People that the closure of the courtroom was so trivial that it did not violate defendant’s right to a public trial (see id.). Even assuming, arguendo, that there is a “triviality” exception to the per se rule of reversal set forth in Martin (see Gibbons v Savage, 555 F3d 112, 119-121 [2009], cert denied 558 US —, 130 S Ct 61 [2009]), we conclude that neither the duration of the courtroom closure in this case nor the substance of the proceedings taking place during the closure may be characterized as “trivial” (cf. id. at 121).
Both defense counsel and defendant’s wife submitted affidavits in which they averred that the wife was excluded from proceedings on the first morning of jury selection. According to the wife, she was excluded from the courtroom for approximately IV2 to 2 hours. During that period of time, the court read its preliminary instructions to the prospective jurors and asked the first panel of 21 prospective jurors to approach the podium individually to respond to four questions: (1) whether the prospective juror heard or read anything about the case; (2) whether the prospective juror or a close friend or relative had been the victim of a crime; (3) whether the prospective juror or a close friend or relative had been arrested or charged with a crime; and (4) whether the prospective juror could be fair and *1127 whether there was a compelling reason why he or she could not serve on the jury. Two prospective jurors were excused upon consent of the prosecutor and defense counsel.
The court then asked the remaining members of the panel whether they knew the prosecutor, the defense attorney, or defendant, whether they had any friends or relatives who were lawyers or worked in law enforcement, and whether they had previously served on a jury. After the prosecutor and defense counsel questioned the prospective jurors, the court held a sidebar with the attorneys to hear challenges to the panel members. The prosecutor exercised nine peremptory challenges, defense counsel exercised seven peremptory challenges, and five prospective jurors were seated and sworn. Thus here, as in Martin (16 NY3d at 613), it cannot be said that “nothing of significance happened” while defendant’s wife was excluded from the courtroom (Gibbons, 555 F3d at 121).
We reject the contention of the People that the courtroom was only closed to defendant’s wife until the first prospective juror was excused. The People rely on the fact that, at the start of jury selection, the court advised defense counsel that, “as soon as we start excusing [prospective jurors], there [would] be room” in the courtroom for defendant’s wife. It is well settled that a courtroom is closed only by an affirmative act of the court (see People v Peterson, 81 NY2d 824, 825 [1993]; see also Martin, 16 NY3d at 613). Here, defendant’s wife averred that the court “addressed [her] directly and told [her] that [she] would need to wait outside the courtroom, but that a court attendant would come get [her] as soon as some [prospective] jurors were excused.” While the wife was waiting in the hallway, she observed several prospective jurors leave the courtroom at one point, but “no one came to tell [her] that [she] should come in and [she] did not believe [she] should enter without being told to do so.” Approximately IV2 to 2 hours later, a court officer finally came out into the hallway and told the wife that she could enter the courtroom. Under the circumstances of this case, in which the court specifically excluded the wife from the courtroom and it is undisputed that she did not reenter the courtroom before the court officer retrieved her, we conclude that the burden was on the court, not the excluded individual or the parties, to reopen the courtroom. Thus, the courtroom was closed to defendant’s wife until such time as the court officer told her she had permission to reenter.
Contrary to defendant’s further contention, we conclude that his statutory right to a speedy trial was not violated. Even assuming, arguendo, that the People’s announcement of readiness *1128 for trial after defendant was arraigned on the initial indictment was “illusory and invalid” (People v Weaver, 34 AD3d 1047, 1049 [2006], lv denied 8 NY3d 928 [2007]), we conclude that there was a period in excess of seven days that was excludable based on defendant’s pretrial motion to dismiss the indictment (see CPL 30.30 [4] [a]; People v Flowers, 240 AD2d 894, 895 [1997], lv denied 90 NY2d 1011 [1997]). With the exclusion of that time period, we conclude that the People’s announcement of readiness for trial after the filing of the superseding indictment was timely (see generally People v Sinistaj, 67 NY2d 236, 237 [1986]). In light of our determination that reversal is required based upon the denial of defendant’s right to a public trial, we need not address defendant’s remaining contentions in appeal No. 1 or appeal No. 2.
All concur except Scudder, EJ., and Centra, J., who dissent and vote to affirm in the following memorandum.