People v Thomas (2021 NY Slip Op 06286)





People v Thomas


2021 NY Slip Op 06286


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


961 KA 16-00222

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTWAN T. THOMAS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered September 9, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count of assault in the second degree (§ 120.05 [2]). Contrary to defendant's contention, Supreme Court did not err in summarily denying his motion seeking to set aside the verdict pursuant to CPL 330.30 (2) on the ground of juror misconduct (cf. People v Blunt, 174 AD3d 1504, 1506 [4th Dept 2019]). No hearing was necessary here inasmuch as the sworn allegations in the moving papers did not " 'raise a question of outside influence but, rather, [sought] to impeach the verdict by delving into the tenor of the jury's deliberative processes' " (People v Jones, 85 AD3d 1667, 1667 [4th Dept 2011], lv denied 19 NY3d 974 [2012]; see People v Drake, 68 AD3d 1778, 1779 [4th Dept 2009], lv denied 14 NY3d 840 [2010]; see generally People v Maragh, 94 NY2d 569, 573 [2000]).
Defendant contends that the evidence is legally insufficient to support the conviction of burglary in the first degree (Penal Law
§ 140.30 [2]) and assault in the second degree (§ 120.05 [2]) with respect to the element of physical injury (see § 10.00 [9]; People v Chiddick, 8 NY3d 445, 447-448 [2007]). We reject that contention. The People presented evidence that defendant and codefendant struck the victim repeatedly with a baseball bat and a three-foot-long piece of wood, resulting in welts on the victim's back and bruising to his forehead. The People also presented the victim's testimony concerning the degree of pain he felt. Viewing that evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning and permissible inferences to support the jury's conclusion that the victim experienced substantial pain (see People v Huddleston, 196 AD3d 1098, 1099 [4th Dept 2021]), i.e., "more than slight or trivial pain" (Chiddick, 8 NY3d at 447; see People v Henderson, 77 AD3d 1311, 1311 [4th Dept 2010], lv denied 17 NY3d 953 [2011]). Furthermore, viewing the evidence in light of the elements of all three crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
The sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court