# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 72
The People &c.,
   Respondent,
  v.
Hasahn D. Murray,
   Appellant

Abigail Everett, for appellant.
Alexander Michaels, for respondent.

GARCIA, J.:

Prior to the start of deliberations in defendant's trial, the court discharged the alternate jurors. A trial juror was subsequently challenged and ultimately removed for alleged misconduct, and the court recalled, questioned, and seated one of the discharged alternates. Seating of this discharged alternate juror was error. An alternate juror, once discharged, is no longer "available for service" as a replacement for a trial juror.

Defendant and two codefendants were tried on assault and robbery charges. Following summations, the court discharged the two alternate jurors, stating "I can't let you go without thanking you and telling you you are excused from this case and from jury duty for about six years, that is the good news. You are excused now." The court sent the jury to lunch, and the two alternates left the courthouse. During the lunch break, counsel for a co-defendant informed the court that one of the trial jurors had discussed the case at a social gathering, and as a result should be dismissed. Defendant argued that because the alternate jurors had been discharged, they could not be substituted and a mistrial was required. After some discussion, the court concluded that the decision to bring the alternates back was within its discretion and contacted the two discharged alternate jurors, confirmed they had not discussed the case or formed an opinion, and asked them to return to court the following day. The next morning, counsel for all defendants moved again for a mistrial and refused to consent to seating the alternates. The court once more confirmed that the alternates had not discussed the case, formed an opinion about it, or visited the crime scene, and after dismissing the juror accused of misconduct, sat the first alternate. The jury then began deliberations, ultimately finding defendant guilty of two counts of robbery in the second degree and assault in the second degree.

The Appellate Division, with one Justice dissenting, affirmed, holding that the trial court providently exercised its discretion in determining whether the previously discharged juror was "available for service" (189 AD3d 688 [1st Dept 2020]; *see* CPL 270.35 [1]). At that point in the proceedings, defendant's consent to the substitution was not required, given that the jury had not begun its deliberations (*id.* at 689). The dissenting Justice would

have held that the trial court "had neither the statutory authority nor the inherent power to recall alternate jurors who had been discharged and returned to their private life" (*id.* at 692 [Renwick, J., dissenting]). Alternate jurors, the dissent asserted, were not permitted to "continue in a limbo state where they are 'discharged' but also still 'available' to serve" (*id.* at 698). The dissenting Justice granted leave to appeal to this Court.

In determining whether the substitution of the recalled alternate juror was permissible, we turn first to the plain language of the relevant provisions of the Criminal Procedure Law.[1] The trial court "may in its discretion" select up to six alternate jurors – or in the case of first-degree murder as many as the court deems appropriate – who "must take the same oath as the regular jurors" and must be qualified in the same way (CPL 270.30 [1]). Discretion as to their use at trial is more limited. At the point when the jury retires to deliberate, "the court *must* either (1) with the consent of the defendant and the people, discharge the alternate jurors or (2) direct the alternate jurors not to discuss the case and must further direct that they be kept separate and apart from the regular jurors" (*id.* [emphasis added]). Replacement of a trial juror with an alternate juror is governed by CPL 270.35. If, after the jury has been sworn but before it has rendered a verdict, the trial court determines that a regular juror is unable to continue serving, is grossly unqualified, or has committed substantial misconduct that does not warrant the declaration of a mistrial, the

---

[1] This issue is preserved for our review. Defendant's attorney specifically objected to the trial court's decision to reseat the alternate juror on the ground that discharged jurors "are no longer jurors" and joined co-counsel's argument on this issue (CPL 470.05 [2]). Moreover, "in response to defendant's protest, [the court] 'expressly decided the question raised on appeal' " (*People v Smith*, 22 NY3d 462, 465 [2013]).

court must discharge that juror and may, under certain circumstances, replace the

discharged trial juror with an alternate as follows:

> "If an alternate juror or jurors *are available for service*, the court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called, provided, however, that if the trial jury has begun its deliberations, the defendant must consent to such replacement . . . *If no alternate juror is available, the court must declare a mistrial . . . .*"

(CPL 270.35 [1] [emphasis added]).

As used in the statute, the terms "discharged" and "available for service" with

respect to alternate jurors are mutually exclusive.  CPL 270.30 (1) provides the court with

two distinct options regarding alternate jurors after the jury retires to deliberate: it can

either discharge them (with the parties' consent) or retain them and keep them separate and

apart from the deliberating jury—that is, keep them available.  A provision added to the

statute in 1995, governing the use of alternates in capital cases, again emphasizes the

relationship between the terms: alternate jurors in such cases "shall not be discharged and

shall remain available for service," indicating that "available for service" entails "not

be[ing] discharged" (CPL 270.30 [2]; *see* 1995 McKinney's Session Law News of NY,

Ch. 1 at § 16 [Mar. 1995]).  The plain text of the statutory provisions therefore establishes

that a discharged alternate juror is not "available for service" pursuant to CPL 270.35 (1)

(*see Matter of New York County Lawyers' Assn. v Bloomberg*, 19 NY3d 712, 721 [2012],

citing *People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979]).  Accordingly, where the

alternate jurors have been discharged, the court's sole remedy is to declare a mistrial (CPL

270.35 [1]).

That conclusion does not, however, end our inquiry.  Instead, we must determine when an alternate juror is in fact "discharged" from service.  The term is not defined in the Criminal Procedure Law.  That being the case, a useful guidepost can be found in Black's Law Dictionary's definition of discharge of a juror, namely to relieve the "juror[] . . .from further responsibilities in a case" (Black's Law Dictionary [11th ed. 2019], *see People v Aleynikov*, 31 NY3d 383, 397 [2018]).  Under this definition, once the court has clearly stated on the record that an alternate juror has no further responsibilities in the case, the alternate juror is discharged.

Adoption of this bright line rule for alternate jurors is consistent with the relevant CPL provisions and with our State Constitution.  The CPL limits the trial court's discretion in discharging and substituting alternate jurors.  Beyond a statutory command, the requirement of written consent on the part of the defendant—which must be given in person in open court (CPL 270.35 [1])—incorporates our holding that the New York Constitution prohibits the substitution of an alternate juror after the jury has begun deliberations (*see People v Ryan*, 19 NY2d 100, 104-105 [1966]; *see generally People v Page*, 88 NY2d 1, 7-9 [1996]).  We have consistently required "strict compliance with the requirements of CPL 270.35" (*People v Gajadhar*, 9 NY3d 438, 445-446 [2007]), and we do so again here.

On these facts, there can be no doubt that when the trial judge thanked the alternate jurors for their service and "excused [them] from this case," the alternate jurors were discharged.  At that point, the alternates "cease[d] to function" as jurors (*Ryan*, 19 NY2d at 105 [internal citation omitted]) and were no longer available for service under the statute.

Therefore, the trial judge erred in replacing the trial juror with an alternate following that discharge from service. [2]

We note that the circumstances of this case are unusual. CPL 270.30 (1) requires a decision on discharge of the alternates "[a]fter the jury has retired to deliberate." Here, the trial court discharged the alternates after closing arguments were made and then sent the trial jury to lunch. It was in this short period between discharge of the alternates and the jury "retir[ing] to deliberate" that the issue with the trial juror arose. Had the court waited to discharge the alternates until the start of deliberations as the statute directs, the alternates would have remained available during that time, and a substitution could have been made without defendant's consent thereby avoiding the necessity of a mistrial (*see* CPL 270.30 [1]; CPL 270.35 [1]).

Under these circumstances, we do not reach defendant's remaining argument regarding the trial court's *Molineux* ruling (*see People v Bridgeforth*, 28 NY3d 567, 577 [2016]). Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

---

[2] We have no occasion here to consider recall of a discharged jury or of an individual trial juror (*see e.g. People v Pearson*, 67 AD3d 600 [1st Dept 2009]), nor do we address whether dismissal of an alternate juror based on a trial court's mistake of fact, for example, an erroneous belief that a juror has failed to appear, constitutes a "discharge" (*see e.g. People v Williams*, 273 AD2d 162 [1st Dept 2000]).

Order reversed and a new trial ordered. Opinion by Judge Garcia. Acting Chief Judge Cannataro and Judges Rivera, Wilson, Singas and Troutman concur.

Decided October 20, 2022