■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN D. McCUMMINGS, JR., Appellant. [600 NYS2d 827] — Casey, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 12, 1991, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant's indictment and conviction resulted from his conduct toward a female passenger on a bus traveling between New York City and the City of Binghamton, Broome County. Defendant was not previously acquainted with the victim and apparently compelled her participation under threat of killing her. Upon his conviction, defendant was sentenced as a second

felony offender to an indeterminate term of imprisonment of 3½ to 7 years.

On his appeal, defendant argues that he was deprived of a fair trial because he was observed in handcuffs by two jurors during a luncheon recess. We disagree. The two jurors identified by defendant were segregated and interrogated by the court as to the effect such viewing had upon their ability to be fair and impartial. Each juror denied that the viewing would have any effect. Each juror was then given appropriate curative instructions and returned to the jury room with defendant's consent. Thereafter, defendant did not request further curative instructions or move for a mistrial. Accordingly, the issue was not preserved for our review (see, People v Walker, 139 AD2d 546) and the brief and inadvertent viewing did not deprive defendant of a fair trial (see, People v Harper, 47 NY2d 857).

As to defendant's claim of ineffective assistance of counsel, we likewise find no merit. Defense counsel exhibited a good working knowledge of the criminal law, conducted vigorous cross-examination of prosecution witnesses and offered a valid defense. The representation of counsel was therefore meaningful (see, People v Baldi, 54 NY2d 137; People v Hinds, 183 AD2d 848, lv denied 80 NY2d 904).

There is likewise no merit to defendant's contention that his sentence was harsh and excessive. The serious nature of the crime, the circumstances surrounding its commission and defendant's prior record all support the sentence that was authorized by law and not excessive. Accordingly, defendant's conviction should, in all respects, be affirmed.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.