■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MIKEL, Appellant. [634 NYS2d 277] —Judgment unanimously affirmed. Memorandum: The testimony of the arresting officer concerning complainant's description of defendant's clothing did not constitute bolstering (see, People v Spencer, 212 AD2d 645, lv denied 86 NY2d 741; People v Castro, 174 AD2d 378, lv denied 78 NY2d 1074). Even assuming, arguendo, that the evidence was improperly admitted, its admission was harmless (see, People v Johnson, 57 NY2d 969, 970).

Evidence that defendant struggled with police when he was arrested was properly admitted because its probative value exceeded any prejudice to defendant (see, People v Alvino, 71 NY2d 233, 242). Indeed, defendant himself used that evidence in arguing that the blood on his clothing was the result of that struggle, not the result of an injury he sustained while breaking into the premises. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MIKEL, Appellant. [634 NYS2d 1006] —Judgment unanimously affirmed. Memorandum: The inadvertent viewing by four jurors of defendant when he was handcuffed and in the custody of a Sheriff's Deputy does not require reversal of the conviction of defendant for unauthorized use of a motor vehicle in the second degree and other related crimes. The court questioned each juror individually with counsel and defendant present, properly determined that each would remain impartial and gave each an appropriate instruction (see, People v Hart, 197 AD2d 405, lv denied 82 NY2d 925; People v McCummings, 195 AD2d 880, 881; People v Brown, 157 AD2d 790, 791, lv denied 76 NY2d 731). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Unauthorized Use Motor Vehicle, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.