# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**229**

**KA 11-01294**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEPHEN D. TAYLOR, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered May 19, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). In appeal No. 2, defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment in appeal No. 1.

Defendant failed to preserve for our review his contention in appeal No. 1 that the evidence is legally insufficient to support his conviction of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) because he failed to renew his motion for a trial order of dismissal after presenting evidence in his defense (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we reject that contention. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495). An eyewitness testified that defendant had a gun when he was at her residence, where it was ultimately recovered by police, and the recording of her 911 call, reporting that defendant was waving the gun and threatening her nephew as the incident was happening, was admitted in evidence. Furthermore, one of the police witnesses testified that

he saw defendant holding what appeared to be a gun before he entered the residence.  We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  The jury was free to credit the testimony of the People's witnesses, rather than defendant's testimony, and we perceive no reason to reject those credibility determinations (*see generally id.*).

We reject defendant's further contention in appeal No. 1 that County Court erred in permitting the People to offer *Molineux* evidence from a police witness that, approximately three months prior to this incident, while conducting surveillance, he heard defendant say to another individual "Don't f*** with me; you know, I'll use my pistol." We conclude that the evidence was relevant with respect to the element of intent (*see People v Alvino*, 71 NY2d 233, 241-242), inasmuch as the weapon that was recovered was a .32 caliber automatic "Pistole," a type of handgun.  Further, the court properly weighed the probative value of the evidence against the prejudicial impact by limiting the testimony to that statement (*see People v Rivers*, 82 AD3d 1623, 1623, *lv denied* 17 NY3d 904), and the court minimized the potential prejudice by providing a curative instruction (*see People v Holmes*, 104 AD3d 1288, 1289, *lv denied* 22 NY3d 1041).  In any event, any error in permitting the testimony is harmless.  The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted if that evidence had been excluded (*see People v Casado*, 99 AD3d 1208, 1211-1212, *lv denied* 20 NY3d 985; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his challenge in appeal No. 1 to that ruling (*see People v Reyes*, 144 AD3d 1683, 1685).  In any event, that contention lacks merit because " '[t]he court's *Sandoval* compromise . . . reflects a proper exercise of the court's discretion' " (*People v Monk*, 57 AD3d 1497, 1499, *lv denied* 12 NY3d 785 ).  We reject defendant's further contention in appeal No. 1 that the court abused its discretion in denying his request for new counsel on the eve of trial inasmuch as defendant failed to show good cause for the request (*see People v Farmer*, 132 AD3d 1238, 1238-1239, *lv denied* 27 NY3d 1068; *see generally People v Porto*, 16 NY3d 93, 99-100).  Finally, with respect to appeal No. 1, the sentence is not unduly harsh or severe.

With respect to appeal No. 2, we conclude that the court did not err in denying defendant's motion seeking to vacate the judgment either on the ground that there was an alleged *Brady* violation or on the ground that he was denied effective assistance of counsel.  Both grounds for defendant's motion are based upon an alleged conflict of interest related to a prosecution witness.  Defendant contends that the People violated their *Brady* obligation by failing to provide information regarding convictions that a witness had in 1993 for petit larceny, and that defense counsel was ineffective inasmuch as his office had previously represented the prosecution witness, in 1998,

2001 and 2006.  With respect to the alleged *Brady* violation, we agree with defendant that the convictions constitute *Brady* material (*see People v Valentin*, 1 AD3d 982, 982-983, *lv denied* 1 NY3d 602). However, even assuming, arguendo, that the information regarding those convictions was available to the People (*see id.* at 983), we conclude that there is no " 'reasonable possibility' " that the information "would have changed the result of the proceedings" (*People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766).

We further conclude that defendant was not denied effective assistance of counsel.  "To prevail on an ineffective assistance of counsel claim, a defendant must first demonstrate the existence of a potential conflict of interest . . . Defendant must also show that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation . . . , and defendant failed to make such a showing here . . . In light of the fact that defense counsel did not know of the conflict at the time of the trial, there is no basis to conclude that the potential conflict hindered his representation of defendant" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892 [internal quotation marks omitted]).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court