■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW B. WOMACK, Also Known as WORM, Appellant. [57 NYS3d 603]—Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 30, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree, grand larceny in the fourth degree, petit larceny, endangering the welfare of a child (two counts), assault in the third degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the third degree (Penal Law § 160.05), arising from an incident involving the taking of property from his girlfriend. Initially, we note that defendant's challenges to the sufficiency of the evidence regarding the taking of property in an incident occurring at 9:00 a.m. are moot, inasmuch as defendant was acquitted of the count of the indictment that charged him with robbery at that time. Furthermore, defendant's challenges to the suffi-

ciency of the evidence with respect to the counts of which he was convicted are not preserved for our review, inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' " at the grounds now raised on appeal (*People v Gray*, 86 NY2d 10, 19 [1995]).

In any event, defendant's challenges are without merit. We conclude that the evidence is legally sufficient to establish that he used physical force for the purpose of retaining the property "immediately after" he had stolen it (Penal Law § 160.00 [1]; *see People v Gosier*, 35 AD3d 1241, 1241 [2006], *lv denied* 8 NY3d 984 [2007]; *People v Williams*, 12 AD3d 317, 318 [2004], *lv denied* 4 NY3d 749 [2004]; *see generally People v Carrel*, 99 NY2d 546, 547 [2002]), and thus the conviction concerning the robbery occurring at 11:00 a.m. is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, "there is [a] valid line of reasoning and permissible inferences which could lead a rational person" to conclude that the victim sustained a physical injury during the incident (*id.* at 495; *see People v Lewis*, 129 AD3d 1546, 1547-1548 [2015], *lv denied* 26 NY3d 969 [2015]; *People v Carson*, 126 AD3d 996, 997 [2015], *lv denied* 25 NY3d 1161 [2015]), and thus the conviction of assault in the third degree is supported by legally sufficient evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.