Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 28, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fifth degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fifth degree (Penal Law § 165.40). We reject defendant’s contention in his main and pro se supplemental briefs that Supreme Court (Doyle, J.) abused its discretion in disqualifying his assigned counsel upon being informed that the Public Defender’s Office had represented various individuals who were potential prosecution witnesses in one of several other pending prosecutions against defendant (see People v Watson, 26 NY3d 620, 624-625 [2016]; People v Carncross, 14 NY3d 319, 326-330 [2010]). We conclude that the court properly decided not to accept defendant’s attempted waiver in these circumstances and instead chose to protect defendant’s right to effective assistance of counsel in order to ensure a fair trial (see Watson, 26 NY3d at 627). The court also appropriately considered the interest of judicial economy and the integrity of the criminal process in determining that defendant should be represented by one attorney for all of the pending prosecutions to avoid conflicting advice and potential conflicts of interest (see generally People v Tineo, 64 NY2d 531, 537 [1985]; People v Gayle, 167 AD2d 927, 927 [4th Dept 1990], lv denied 77 NY2d 838 [1991]).
 

 We reject defendant’s further contention in his main and pro se supplemental briefs that Supreme Court (Renzi, J.) abused its discretion in refusing to recuse itself from conducting the trial because it had presided over several prior criminal prosecutions of defendant and made negative comments about his character and criminality during one of those proceedings. “Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal” (People v Moreno, 70 NY2d 403, 405 [1987]). Here, there was no legal disqualification, and defendant otherwise made no showing that the court’s alleged bias affected the result of the trial (see id. at 407; People v Nenni, 269 AD2d 785, 786 [4th Dept 2000], lv denied 95 NY2d 801 [2000]).
 

 Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see People v Jackson, 66 AD3d 1415, 1416 [4th Dept 2009]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see People v Ohse, 114 AD3d 1285, 1286-1287 [4th Dept 2014], lv denied 23 NY3d 1041 [2014]; see generally Bleakley, 69 NY2d at 495).
 

 Defendant’s contention in his main brief that he was denied a fair trial by prosecutorial misconduct is unpreserved for our review inasmuch as the court sustained trial counsel’s objections to the prosecutor’s comments and gave curative instructions in two instances that, in the absence of further objection or a request for a mistrial, “must be deemed to have corrected the error[s] to the defendant’s satisfaction” (People v Heide, 84 NY2d 943, 944 [1994]; see People v Acosta, 134 AD3d 1525, 1526 [4th Dept 2015], lv denied 27 NY3d 990 [2016]). In any event, we conclude that “[t]he alleged misconduct was ‘not so egregious as to deprive defendant of a fair trial’ ” (People v Astado, 105 AD3d 1394, 1396 [4th Dept 2013], lv denied 22 NY3d 1154 [2014]).
 

 To the extent that defendant’s contention in his main brief that he was denied effective assistance of counsel is based upon the alleged failure of one of his attorneys to inspect evidence, it is unreviewable on direct appeal because it involves matters outside the record and, therefore, must be raised by way of a motion pursuant to CPL article 440 (see People v Ocasio, 81 AD3d 1469, 1470 [4th Dept 2011], lv denied 16 NY3d 898 [2011], cert denied 565 US 910 [2011]). To the extent that defendant’s claims of ineffective assistance of counsel are reviewable on the record before us, we conclude that they are without merit (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]). It is well settled that the “failure to ‘make a motion or argument that has little or no chance of success’ ” is not ineffective (Caban, 5 NY3d at 152), and defendant otherwise has failed to show the absence of strategic or other legitimate explanations for his attorneys’ alleged shortcomings (see generally People v Benevento, 91 NY2d 708, 712 [1998]).
 

 Defendant contends in his main brief that he was denied a fair trial by the cumulative effect of the alleged errors previously addressed herein, together with various other alleged errors that are not preserved for our review (see CPL 470.05 [2]). We reject defendant’s contention with respect to the alleged errors previously reviewed, and we decline to exercise our power to review his contention with respect to the unpreserved alleged errors as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
 

 Finally, we have considered defendant’s remaining contentions in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
 

 Present— Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.