People v Ray (2018 NY Slip Op 01796)





People v Ray


2018 NY Slip Op 01796


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


341 KA 16-00771

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATHANIEL RAY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 29, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 16 years to life and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the warrantless police search of the vehicle he was driving was unlawful and that Supreme Court therefore erred in refusing to suppress the loaded handgun found by the police in an area behind the glove compartment. We rejected that same contention in the appeal of a codefendant (People v Johnson, — AD3d — [4th Dept 2018] [decided herewith]), ruling that the search was lawful under the automobile exception to the warrant requirement because the police had probable cause to believe that there was a gun in the vehicle (see generally People v Galak, 81 NY2d 463, 466-467 [1993]; People v Blasich, 73 NY2d 673, 678 [1989]), and there is no reason to reach a different result here. At the time of the search, the police were acting upon information from an identified citizen that someone had fired shots at him 10 minutes earlier and then entered defendant's vehicle, which defendant drove away. The police stopped the vehicle three blocks from the shooting and conducted the search after ordering its three occupants to exit the vehicle. Although it is possible, as defendant contends, that the gun was no longer in the vehicle by the time it was stopped, it was more probable than not that it was still there, thus justifying the search. "Probable cause does not require proof beyond a reasonable doubt," but merely requires "a reasonable ground for belief" (People v Simpson, 244 AD2d 87, 91 [1st Dept 1998]).
We reject defendant's further contention that the People failed to prove beyond a reasonable doubt that he possessed the weapon. Pursuant to the automobile presumption set forth in Penal Law § 265.15 (3), "[t]he presence in an automobile, other than a stolen one or a public omnibus, of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon . . . is found," with exceptions not relevant here. The presumption applies here because the gun was found inside the vehicle that defendant was driving, and there was no evidence at trial to rebut the presumption. Moreover, the evidence at trial established that defendant must have known that the gun was in his vehicle, and he took no steps to distance himself from it during the 10-minute period between the shooting and the stop of his vehicle by the police. Thus, viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant possessed the loaded firearm (see generally People v Bleakley, 69 NY2d 490, 495 [*2][1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). "Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded" (People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017]; see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that the sentence imposed, an indeterminate term of imprisonment of 25 years to life as a persistent violent felony offender, is unduly harsh and severe. Defendant did not fire or even directly possess the weapon, and there is no evidence that he knew that his codefendant intended to use it unlawfully. Although defendant has multiple prior felony convictions, several of which are for weapon offenses, he has no history of violence on his record, and his conduct in this case does not in our view warrant the maximum sentence permitted by law. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of imprisonment of 16 years to life (see generally CPL 470.15 [6] [b]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court