People v Jackson (2018 NY Slip Op 01720)





People v Jackson


2018 NY Slip Op 01720


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


120 KA 16-01012

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL JACKSON, DEFENDANT-APPELLANT. 






ADAM H. VANBUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
DARNELL JACKSON, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (JESSE M. ESHKOL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 12, 2016. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that the evidence is legally insufficient to establish that the item he was charged with possessing, i.e., a small, sharpened piece of metal in a pen cap, constitutes dangerous contraband within the meaning of Penal Law
§ 205.00 (4). Defendant failed, however, to preserve that contention for our review inasmuch as his motion for a trial order of dismissal was not " specifically directed' " at that alleged deficiency in the People's evidence (People v Gray, 86 NY2d 10, 19 [1995]; see People v Womack, 151 AD3d 1852, 1852-1853 [4th Dept 2017], lv denied 29 NY3d 1135 [2017]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict, insofar as it rests upon the jury's implicit finding that the item at issue constituted dangerous contraband, is against the weight of the evidence (see People v Hood, 145 AD3d 1565, 1565-1566 [4th Dept 2016]).
Defendant failed to preserve for our review his contention that County Court improperly penalized him for exercising his right to a jury trial when it imposed a sentence greater than that offered during plea negotiations (see People v Coapman, 90 AD3d 1681, 1683-1684 [4th Dept 2011], lv denied 18 NY3d 956 [2012]). In any event, that contention lacks merit (see People v Dorn, 71 AD3d 1523, 1524 [4th Dept 2010]). Furthermore, the sentence imposed is not unduly harsh or severe.
Defendant's remaining contentions are raised in his pro se supplemental brief. Defendant failed to preserve for our review the contentions that the jury was tainted when an individual juror viewed defendant in shackles outside the courtroom (see People v McCummings, 195 AD2d 880, 881 [3d Dept 1993]; People v Soltis, 137 AD2d 732, 733 [2d Dept 1988], lv denied 71 NY2d 1033 [1988]), and that he was denied due process because he stood trial in prison garb (see People v McNitt, 96 AD3d 1641, 1641 [4th Dept 2012], lv denied 19 NY3d 998 [2012]; see also People v Cruz, 14 AD3d 730, 732 [3d Dept 2005], lv denied 4 NY3d 852 [2005]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's further contention that defense counsel was ineffective in failing to move for a mistrial based upon the juror's observation of defendant in shackles, "[i]nasmuch as a motion for a mistrial would have had little or no chance of success' " [*2](People v Alexander, 109 AD3d 1083, 1085 [4th Dept 2013]). Finally, contrary to defendant's contention, we conclude that defense counsel's failure to object to defendant's appearance in prison garb did not constitute ineffective assistance of counsel (see People v Jefferson, 58 AD3d 753, 753 [2d Dept 2009], lv denied 12 NY3d 784 [2009]; People v Marshall, 2 AD3d 1157, 1158 [3d Dept 2003], lv denied 2 NY3d 743 [2004]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court