People v Turner (2018 NY Slip Op 03045)





People v Turner


2018 NY Slip Op 03045


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


595 KA 17-00301

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARIUS TURNER, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW, FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, SPECIAL PROSECUTOR, BATAVIA, NEW YORK PROSECUTORS TRAINING INSTITUTE, ALBANY (KAREN FISHER MCGEE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered February 24, 2016. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that his conviction of both crimes is not supported by legally sufficient evidence with respect to the element of possession. We reject that contention. At trial, a correction officer testified that, as he approached defendant and another inmate, both of whom were face down on the ground per his orders, he observed a pink object in defendant's curled, left hand. Defendant released the object from his hand when he complied with the correction officer's order to put his hands behind his back. The object was a State-issued toothbrush that had been shortened and melted into a point. We conclude that the above evidence, viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), is legally sufficient to establish that defendant possessed dangerous contraband within the meaning of section 205.25 (2) and possessed a weapon within the meaning of section 265.02 (1) (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to the element of possession for each crime (see generally Bleakley, 69 NY2d at 495). "Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded" (People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017]; see generally Bleakley, 69 NY2d at 495).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court