People v Standsblack (2018 NY Slip Op 04158)





People v Standsblack


2018 NY Slip Op 04158


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


596 KA 15-00932

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAUL D. STANDSBLACK, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 13, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant was sentenced by County Court as a persistent violent felony offender (§ 70.08 [3] [b]). In appeal No. 2, defendant appeals from a subsequent order that summarily denied his motion pursuant to CPL 440.10 seeking to vacate a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (§ 130.65 [1]). That judgment was considered by the court in establishing defendant's status as a persistent violent felony offender.
In the early morning hours of October 13, 2013, defendant entered the apartment that the complainant shared with her boyfriend and awakened her by touching her vagina. Earlier that evening, defendant had been drinking at a party in the backyard outside the apartment, where he engaged the complainant in a sexually charged conversation. When the party dissipated, defendant accompanied the boyfriend and others to a bar in a neighboring town, where they continued drinking. At some point, defendant left the bar by himself and walked back to the apartment, where the complainant was sleeping alone. After defendant touched her vagina, the complainant expressed her disapproval, fled from the apartment, and attempted to contact her boyfriend's cell phone while standing outside in the cold. Meanwhile, defendant fell asleep on the couch. The boyfriend eventually returned from the bar, awakened defendant, and called the police. Defendant apologized and fled before the police arrived. Thereafter, he was indicted on, and convicted of, one count of burglary in the second degree, resulting in the judgment in appeal No. 1.
Defendant contends in appeal No. 1 that the court's Sandoval compromise was an abuse of discretion. The court limited cross-examination with respect to defendant's prior conviction of sexual abuse in the first degree to the fact of conviction only, but it permitted cross-examination about the facts and circumstances of, inter alia, his prior conviction of manslaughter in the first degree. Contrary to the People's assertion, defendant preserved his contention for our review in part. Before trial, he requested that the court limit cross-examination with respect to the manslaughter conviction to the fact of conviction only on the grounds that it was more than 20 years old and that the underlying facts were unduly prejudicial to him. The court rejected that argument in making its ultimate Sandoval ruling, and defendant objected to that ruling, thus preserving that part of his contention for our review (cf. People v Taylor, 148 AD3d 1607, 1608 [4th Dept 2017]; People v Kelly, 134 AD3d 1571, 1572 [4th Dept 2015], lv denied 27 NY3d [*2]1070 [2016]). Defendant otherwise failed to preserve his contention for our review (see CPL 470.05 [2]; see generally People v Jackson, 29 NY3d 18, 23 [2017]). In any event, the contention lacks merit. "[T]he court's Sandoval compromise, in which it limited questioning on defendant's prior conviction[] for [sexual abuse] to whether [he] had been convicted of a felony . . . , reflects a proper exercise of the court's discretion' " (People v Stevens, 109 AD3d 1204, 1205 [4th Dept 2013], lv denied 23 NY3d 1043 [2014]; see People v Butler, 140 AD3d 1610, 1613 [4th Dept 2016], lv denied 28 NY3d 969 [2016]). Additionally, the court did not abuse its discretion in "permitting specific questioning as to defendant's [manslaughter] conviction[], even though [it was] remote in time" (Stevens, 109 AD3d at 1205).
Defendant further contends that the conviction is not based on legally sufficient evidence. More particularly, he contends that the evidence is legally insufficient to establish that he knowingly entered or remained unlawfully in the apartment and, further, to establish that he entered the apartment with the intent to commit the crime of sexual abuse in the third degree (Penal Law § 130.55), i.e., the crime underlying the burglary charge. As a preliminary matter, with respect to his knowledge of the lawfulness of the entry, defendant failed to preserve his contention for our review inasmuch as his motion for a trial order of dismissal was not " specifically directed' " at the alleged error (People v Gray, 86 NY2d 10, 19 [1995]; see People v Womack, 151 AD3d 1852, 1853 [4th Dept 2017], lv denied 29 NY3d 1135 [2017]). In any event, we conclude that it lacks merit. With respect to intent, we note that the jury may infer a defendant's intent to commit a crime from the circumstances of the entry and the defendant's actions when confronted (see People v Pendarvis, 143 AD3d 1275, 1275 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; People v Sterina, 108 AD3d 1088, 1090 [4th Dept 2013]). Here, the jury could infer from the circumstances of the entry that defendant unlawfully entered the apartment with the intent to commit the crime of sexual abuse in the third degree. Viewing the evidence in the light most favorable to the People, " there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]). Viewing the evidence in light of the elements of the crime of burglary in the second degree as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that he was denied effective assistance of counsel because his attorney failed to request that the court charge the jury as to the lesser included offense of criminal trespass in the second degree (Penal Law § 140.15 [1]). We reject that contention. " [I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]), and we conclude that defendant has not met that burden here. "[T]he decision to request or consent to the submission of a lesser included offense is often based on strategic considerations, taking into account a myriad of factors, including the strength of the People's case" (People v McGee, 20 NY3d 513, 519 [2013]). "[W]here the proof against a defendant is relatively weak and the charges very serious, a defendant may elect not to request a lesser included offense so that the jury is forced to choose between conviction of a serious crime or an acquittal, with the hope that the jury will be sympathetic to defendant and uncomfortable convicting on scant evidence" (id. at 520). Here, the proof against defendant consisted of the conflicting testimony of eyewitnesses and, if he obtained an acquittal, he would have avoided a significant period of incarceration. Under those circumstances, defense counsel may have made a strategic decision not to request the charge down. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, the court properly refused to suppress his pre-Miranda statements to the police. The testimony at the Huntley hearing established that defendant was walking home from the apartment along a public road when he was approached from opposite directions by two Sheriff's deputies in patrol vehicles. The deputies stopped their vehicles and approached defendant on foot. One of the deputies, who had recently spoken to the complainant and her boyfriend, asked defendant for his name, and defendant gave a false name in response. The deputy, who was familiar with defendant, indicated that he knew defendant's real name, whereupon defendant acknowledged his true identity. Based upon that testimony, we conclude that "a reasonable person in defendant's position, innocent of any crime, would not [*3]have believed that he or she was in custody, and thus Miranda warnings were not required" (People v Lunderman, 19 AD3d 1067, 1068 [2005], lv denied 5 NY3d 830 [2005]; see People v Leta, 151 AD3d 1761, 1762 [4th Dept 2017], lv denied 30 NY3d 981 [2017]). Additionally, we conclude that the deputy's question was "investigatory rather than accusatory" (Leta, 151 AD3d at 1762).
Defendant failed to preserve for our review his contention that certain alleged instances of prosecutorial misconduct deprived him of a fair trial inasmuch as he failed to object to any of them (see People v Jemes, 132 AD3d 1361, 1363 [4th Dept 2015], lv denied 26 NY3d 1110 [2016]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant failed to preserve for our review his challenge to evidentiary rulings concerning the evidence of his consciousness of guilt and with respect to the elicitation of certain testimony regarding his post-Miranda statements (see CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that the court should have issued a limiting instruction to the jury that certain testimony could be considered only as evidence of consciousness of guilt inasmuch as he failed to request such a limiting instruction (see People v Case, 113 AD3d 872, 873 [2d Dept 2014], lv denied 23 NY3d 961 [2014]; People v Leitzsey, 173 AD2d 488, 489 [2d Dept 1991], lv denied 78 NY2d 969 [1991]). We decline to exercise our power to review those unpreserved contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
With respect to appeal No. 2, defendant contends that the Judge erred in refusing to recuse himself from deciding the CPL 440.10 motion based on the fact that he presided over the underlying plea proceeding and prosecuted defendant on the prior charge of manslaughter. We reject that contention. A Judge is disqualified from deciding a motion in a proceeding in which he had previously been an attorney (see Judiciary Law § 14), but the mere fact that a Judge previously prosecuted a defendant on an unrelated predicate felony does not require recusal (see People v Forshey, 298 AD2d 962, 963 [4th Dept 2002], lv denied 99 NY2d 558 [2002], reconsideration denied 100 NY3d 561 [2003]). "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]; see People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017]). Here, there was no basis for legal disqualification, and defendant failed to demonstrate that any alleged bias or prejudice affected the court's determination of the motion (see Terborg, 156 AD3d at 1321; People v Hazzard, 129 AD3d 1598, 1598 [4th Dept 2015], lv denied 26 NY3d 968 [2015]).
Defendant further contends that the court erred in summarily denying the CPL 440.10 motion. In particular, defendant contends that the judgment convicting him of sexual abuse in the first degree must be vacated because the court lacked jurisdiction to accept a guilty plea to a crime that is not a lesser included offense of those that were charged in the subject indictment, i.e., rape in the first degree (Penal Law § 130.35 [1]) and rape in the second degree (§ 130.30 [1]). Even assuming, arguendo, that the court lacked jurisdiction, we conclude that defendant is barred from raising that contention by way of a CPL 440.10 motion. Where, as here, " sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review' of the defendant's contentions, the court must deny a motion to vacate the judgment" (People v Brown, 59 AD3d 1058, 1059 [4th Dept 2009], lv denied 12 NY3d 851 [2009], quoting CPL 440.10 [2] [c]). Furthermore, defendant contends that he was entitled to a hearing on his allegations that his attorney failed to investigate the case and coerced him to plead guilty. We conclude, however, that the court was permitted to deny the motion summarily because the material allegations were refuted by defendant's plea colloquy and were supported only by defendant's self-serving affidavit (see CPL 440.30 [4] [d] [i]; People v Witkop, 114 AD3d 1242, 1243 [4th Dept 2014], lv denied 23 NY3d 1069 [2014]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court